## Samuel Vanlear *against* George Vanlear.

New trial awarded on a feigned issue respecting the validity of a will, on the dissatisfaction of one of the judges who tried it. On an appeal from the Circuit Court counsel shall generally be confined to the reasons subscribed by them, but the rule admits of exceptions.

THIS was a feigned issue to try the validity of a certain writing, purporting to be the last will of Dr. Branson Vanlear. The cause was tried at West Chester on the 30th May, 1801, and a verdict had, finding for the plaintiff, and thereby establishing the will.

The defendant's counsel moved the court to grant a new trial on the following grounds: 1st. That the defendant was sick and unable to attend. 2d. The defendant had material testimony to produce, but he was prevented therefrom by indisposition. 3d. The trial was urged on by the plaintiff by surprise. And 4th. The verdict and judgment thereon would preclude the defendant from inquiry into the point at a future day.

*The defendant not being present and no agent conducting the cause for him present to verify the three [*4 first grounds, the court, consisting of SHIPPEN, C. J., and SMITH, J., refused the motion, and the defendant appealed from the decision of the Circuit Court by his counsel.

It was now stated by the defendant's counsel that the de-

fendant, after having received the proper instructions to pre-
pare for his defence, became suddenly deranged in his intellects,
and was confined as a lunatic in the city hospital three weeks
before and during the trial, of which his counsel were wholly
ignorant, until their return circuit, and the same was offered to
be proved.   The trial was had almost *ex parte;* and the probate
of the will would be undeniable evidence to a jury.   I Ld.
Ray., 262.   This was in fact condemning the party without a
hearing.

This testimony was opposed by the opposite counsel.—The
court here on the appeal must take up the cause and proofs, as
they appeared before the Circuit Court, and rectify their error,
if any has been committed.   For this reason, the Circuit Law,
(4 St. Laws, 364) in the 4th section, has provided that "no ap-
"peal shall be available, unless the counsel for the appellant
"shall state in writing his reasons for the appeal, and subscribe
"his name to the same, certifying his belief," &c.   This provi-
sion is rendered nugatory, and surprise is effected, if the party
can be let into new grounds, unknown to his adversary.   Be-
sides, the act "to establish the judicial courts of this common-
"wealth, in conformity to the alterations and additions in the
"constitution," passed 13th April, 1791 (3 St. Laws, 98), in
the 18th section directs that "if an issue be sent from the Reg-
ister's Court to try "the facts of any cause, litigated before
"them, and a verdict establishing the said facts be returned,
"the said facts shall not be re-examined on appeal."   Here the
will was substantially proved by two witnesses, according to
the act of assembly of 1705.   I St. Laws, 53.

YEATES, J., said that the clause in the act of 1791, which had
been cited, related to appeals on litigated wills to the High
Court of Errors and Appeals, and the words, "a verdict estab-
"lishing the said facts be returned," implied a judgment en-
tered thereon.   It had been fully settled in this court that on
an issue to try the validity of a will, the court before whom it
was tried, and not the register, had the power of awarding a
new trial.

It must be considered as a good general rule that a party, on
his appeal from the Circuit Court, should be confined to the
*reasons he there urged; but it was not universal and
could not possibly comprehend exceptions and grounds
unknown at that time.   Suppose in such a case as the present,
it could be made appear to this court that the plaintiff had
tampered with and kept back from the trial material witnesses
of his adversary, which the counsel were then wholly unin-
formed of, ought not we to receive the evidence of the foul fact
and act accordingly?   And can we say, that the act of God, in
his visitation of an unhappy man with lunacy, should have the
injurious effect of condemning him unheard?   For as to him

[Vanlear *v.* Vanlear.]

the probate of the will would be conclusive, at least so far as it respects the personal estate.

If the statement which has been made, is admitted to be correct, the court would gladly know what appeared on the trial, from the notes of Judge SMITH.

Mr. Justice SMITH then made a full statement of the evidence, the outlines of which were these :

The deceased quit his own home in Chester county, in 1798, and went to Philadelphia, flattering himself he had discovered a cure for the yellow fever. The paper in question, bore date on the 20th June 1798, and he died in the month of September or October following of the yellow fever. The paper was attested by two subscribing witnesses who were not in habits of intimacy with Vanlear, and who lived remote from him, in a different part of the city ; and they both died of the yellow fever in the same year. The body of the paper was not in the hand writing of Vanlear, but three witnesses swore to his signature. The hand writing of one of the witnesses was established ; but the hand writing of the other, named        Logue, was much questioned.

The charge of the Chief Justice was in favour of the writing as a will ; but SMITH, J. added, that on the most mature reflection, he was not satisfied with the decision of the jury, and thought the case required another hearing.

The counsel submitted the case to the court.

*Per Cur.* We wish not by our remarks to prejudice the plaintiff's cause. Let there be a new trial ; it will give more general satisfaction.

Messrs. M'Kean and Hemphill, *pro quer.*

Messrs. Ingersoll and T. Ross, *pro. def.*

Cited in 3 Rawle 207 and 4 W. & S. 406 on the question of the time in which an appeal must be filed.

Cited in 108 Pa. 308 where on a feigned issue to try the validity of a will, a verdict in support of the will was taken under an agreement of counsel of some of the parties, judgment entered thereon, and the will, with certificate of the verdict and judgment, was remitted to the Register, who admitted it to probate. After the expiration of the term at which this judgment was entered, petitions were filed by other parties in interest, alleging that the verdict was taken by collusion, without notice to them and in prejudice to their rights, and praying that the verdict and judgment be set aside and a new trial ordered. The court granted the prayer of said petition and made absolute a rule for a new trial in pursuance thereof, whereupon a writ of error was taken, alleging said action of the court. It was held that the jurisdiction of the Court of Common Pleas was exclusive of the Register ; that its judgment was final, not interlocutory, and as fully within the control of the court as any of its records, even though a certified copy of the verdict and judgment had been remitted to the Register. It was held further, that said court had the right to open and set aside this judgment and grant a new trial, for proper cause, even after the expiration of the term at which it was entered.